## CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
## AND JAMES CITY COUNTY

Bowling

v.

Berry and Truck Enterprises

Case No. C-90-56

Gentry

v.

Berry and Truck Enterprises

Case No. C-90-57

August 1, 1991

BY JUDGE WILLIAM L. PERSON, JR.

After careful review of the facts and actions surrounding the above-styled cases, I find that sanctions are not warranted under § 8.01–271.1 of the Code of Virginia. Section 8.01–271.1 requires that an attorney sign every pleading, written motion, and other paper as certificate by him that "(i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose." Section 8.01–271.1, as well, requires the court to impose an appropriate sanction on any person who signs a paper in violation of the rule.

The major issues before this Court are whether the above cases are warranted by law and whether the plaintiff made a reasonable in-

quiry into the facts before filing suit. Concerning the question of the cases being warranted by law, I find that although no state or federal law prohibits the placement of recap tires on the steering axle, plaintiff's argument for liability under common law negligence for damage arising therefrom, qualifies as a good faith argument for the extension of the law. Section 8.01–271.1 should not be used to stifle the creativity of zealous advocates or halt the expansion of the law.

I also find that the plaintiff made a reasonable inquiry and that the actions were well grounded in fact when the Motions for Judgment were signed. The Court must use an objective standard to measure the reasonableness of the nonmoving party's inquiry into the facts. *See, Oxenham v. Johnson*, 241 Va. 281, 402 S.E.2d 1 (1991). At the time of filing, Mr. Drumheller relied on the eyewitness accounts of the accident and tire and his own belief that the tire was a recap, based on the pictures he received which showed the tread had peeled off the tire. All this information supported the theory that the tire was "unsafe and/or defective" and caused the accident. Mr. Drash, however, points out the extended period between Mr. Drumheller's taking the case and the filing of suit, and Drumheller's failure to take the pictures to any expert, as evidence a reasonable inquiry was not performed. But the Court must remember that the statute calls for a "reasonable" not a perfect inquiry. Although the parties can now look back and point out mistakes, the Court should not use the knowledge gained from hindsight when determining if a reasonable inquiry was made. Therefore, I find the cases were well established in fact at the time of filing and that no sanctions are warranted.

I find no violation by plaintiff's attorney under the rules set out in § 8.01–271.1 for the reasons stated.